# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JANE HITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23CV1277 HEA |
| ) | |
| MHM SUPPORT SERVICES D/B/A ) | |
| MERCY HOSPITAL EAST ) | |
| COMMUNITIES, MERCY HOSPITAL ) | |
| EAST COMMUNITIES D/B/A MERCY ) | |
| HOSPITAL ST. LOUIS, and MERCY ) | |
| HOSPITAL ST. LOUIS, ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Bill of Costs, [Doc. No. 81]. Plaintiff objects to some of the costs sought. For the reasons set forth below, the Motion for Bill of Costs is granted with the adjustments, as provided herein.

On July 31, 2025, the Court granted summary judgement in favor of Defendants. As the prevailing parties, Defendants filed a motion for a bill of costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, and Local Rule 8.03. Defendants seek $6,309.95.

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than

attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Federal statute provides that the following six expenses are taxable as costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services. 28 U.S.C. § 1920.

A district court has broad discretion over awarding costs to a prevailing party. *Blakley v. Schlumberger Technology Corp.*, 648 F.3d 921, 930 (8th Cir. 2011) (citation omitted). However, "[f]ederal courts are bound by the limitations set out in section 1920." *168th & Dodge, LP v. Rave Reviews Cinemas, L.L.C.*, 501 F.3d 945, 957 (8th Cir. 2007) (quoting *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002)). "A prevailing party is presumptively entitled to recover all of its [taxable] costs." *Id.* (quoting *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005)). Indeed, "[c]osts, unlike attorney's fees, are awarded to a prevailing party as a matter of course, unless the district court directs otherwise; unusual circumstances need not be present." *Poe v. John Deere Co.*, 695 F.2d 1103, 1108

2

(8th Cir. 1982) (citation omitted).

## DISCUSSION

As the prevailing party, Defendants seek $6,309.95 in fees. Plaintiff objects to the total amount of fees requested, in light of Plaintiff's good faith, and closeness and difficulty of the issues raised, citing *Ward v. Smith*, NO 10-3398-CV-S-ODS, 2015 WL 4878186 (W.D. Mo. Aug. 14, 2015. *Ward* is inapplicable; *Ward* was a case involving a *pro se* indigent prisoner, in which the court questioned whether the award would be too burdensome without reduction. "Within the Eighth Circuit, the Court may also consider the losing party's financial resources in awarding costs. See Cross v. Gen. Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983)." *Haynie v. Washington Univ. Sch. of Med. Div. of Infectious Diseases*, No. 4:22CV672 JAR, 2024 WL 3936077, at *2 (E.D. Mo. Aug. 26, 2024). Plaintiff has presented nothing for the Court to consider regarding her resources.

In their response, Defendants assert that some of their costs "may not be recoverable" and as such, Defendants have agreed to reduce the request in the amount of $1,116.06 for a total request of $5,193.90.

Specifically, Plaintiff objects to recovery of both Video and stenographic transcripts. Defendant correctly cites *Stanley v. Cottrell, Inc*, 784 F.3d 454, 467 (8th Cir. 2015).

3

Based on the language of the statute, the context in which it uses the word "or," and its broader context, we conclude that § 1920(2) permits taxation of costs for both printed and electronically recorded transcripts of the same deposition as long as each transcript is necessarily obtained for use in a case. See In re Ricoh, 661 F.3d at 1370; see also Little, 514 F.3d at 702; Tilton, 115 F.3d at 1478; Morrison, 97 F.3d at 465; BDT Prods., Inc. v. Lexmark Int'l, Inc., 405 F.3d 415, 420 (6th Cir.2005). Stanley presents no argument that any written or electronically recorded transcript of the same deposition was unnecessarily obtained for use in this case. We conclude that the district court did not abuse its discretion by awarding such costs under § 1920(2). See Craftsmen Limousine, Inc., 579 F.3d at 898.

*Id*.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Bill of Costs, [Doc. No. 81], is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall tax costs against Plaintiff and in favor of Defendants in the amount of $ $5,193.90.

Dated this 3rd day of November, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE